UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARLENE A. JACKSON,

       Plaintiff,

  -against-

PILGRIM PSYCHIATRIC CENTER and
MICHAEL IZZANO,

       Defendants.

1:23-cv-04218 (JLR)

**TRANSFER ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff, who lives in Suffolk County, New York, brings this *pro se* action under the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 ("NYSHRL") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") against her former employer, Pilgram Psychiatric Center ("Pilgram"), and Michael Izzano ("Izzano" and, collectively with Pilgram, "Defendants"). *See generally* ECF No. 1 ("Compl.").[1]  Pilgram is located in Suffolk County and Izzano resides in Albany County. *Id*. at 2.  Plaintiff alleges that Defendants discriminated against her based on her religion when they suspended, and then terminated, her employment as a managed care coordinator at Pilgram because she refused to receive a COVID-19 vaccine. *See id*. at 6.  For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

### DISCUSSION

  For purposes of Plaintiff's NYSHRL claim, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[1] Citations to the Complaint refer to the ECF-generated page numbers.

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Under Section 1391(c), a "natural person" resides in the "judicial district in which that person is domiciled," and a defendant "entity with the capacity to sue and be sued in its common name" resides in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ."

      Plaintiff has not alleged that venue is proper in this District, the Southern District of New York, for purposes of her NYSHRL claim.  First, the Complaint alleges that Pilgram is located in Suffolk County, which is in the Eastern District of New York, and Izzano is located in Albany County, which is in the Northern District of New York.  *See* Compl. at 2.  The Complaint does *not* allege that any Defendant is located in this District or otherwise subject to personal jurisdiction in this District.  Second, the Complaint alleges that a substantial part of the events giving rise to the claim occurred in the Eastern District of New York, which is where Plaintiff was employed.  *See* Compl. at 3.  Indeed, the Complaint alleges no conduct in this District.  Third, the Complaint does not allege circumstances under which Section 1391(b)(3) would apply because the action could be brought in another judicial district – namely, the Eastern District of New York.  In sum, the Eastern District of New York is a proper venue for Plaintiff's NYSHRL claims, and this District is not a proper venue.  *See, e.g.*, *Hogan v. Mahabir*, No. 22-cv-06626 (LTS), 2022 WL 17742344, at *3 (S.D.N.Y. Dec. 14, 2022) (transferring *pro se* action to the Eastern District of New York because events giving rise to her NYSHRL claims occurred there).

      For Plaintiff's Title VII claims, a civil action:

> [m]ay be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Here, the Complaint alleges that the unlawful employment practice occurred in the Eastern District of New York, where Plaintiff was employed. *See* Compl. at 3, 6-8. Because Title VII claims may be brought in "any judicial district in the State in which the unlawful employment practice is alleged to have occurred," all federal courts within New York State, which includes this District and the Eastern District of New York, are proper venues for Plaintiff's claims under Title VII. 42 U.S.C. § 2000e-5(f)(3). Accordingly, venue is proper in both this District and the Eastern District of New York for Plaintiff's Title VII claim (and is only proper in the Eastern District of New York for Plaintiff's NYSHRL claim).

Even if venue was proper in this District for all of Plaintiff's claims, the Court may transfer claims "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a)." *Corley v. United States*, 11 F.4th 79, 89 (2d Cir. 2021) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). Transfer may be s*ua sponte*. *Id*. at 82, 90 (affirming *sua sponte* transfer); *see Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426 (S.D.N.Y. 2013) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* . . . is well established."). In determining whether to transfer a case, courts consider: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the

convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Corely*, 11 F.4th at 89 (quoting *D.H. Blair & Co.*, 462 F.3d at 106-07).

Here, the Court finds that the factors on balance weigh in favor of transferring this case to the Eastern District of New York. Plaintiff resides and worked in the Eastern District of New York. Compl. at 2-3. Therefore, Plaintiff's choice of forum in the Southern District is afforded less weight because Plaintiff does not reside here. *See Zepherin v. Greyhound Lines, Inc.*, 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006). The case concerns claims of discrimination that occurred in the Eastern District of New York, which is where Defendants employed Plaintiff. Compl. at 3, 6-8. It is likely that relevant documents and other sources of proof, including witnesses, are located in the Eastern District of New York. Additionally, the Complaint does not allege any nexus to this District. Accordingly, the Court finds that the balance of factors weigh in favor of transferring this action to the Eastern District of New York, and such a transfer is in the interests of justice and convenience of the parties and witnesses. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

For the foregoing reasons, the Court transfers this action to the Eastern District of New York. The Clerk of Court is respectfully directed to transfer this action to the United States District Court for the Eastern District of New York, and mail this Order to *pro se* Plaintiff at the address listed on the docket.

Dated: May 26, 2023
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge